# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00116-MR

| | |
|---|---|
| ELI ALVAREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| KENNETH LASSITER et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 46].

## I. BACKGROUND

On May 1, 2018, the Plaintiff Eli Alvarez (the "Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging the violation of his civil rights while incarcerated at the Marion Correctional Institution in Marion, North Carolina.[1] [Doc. 1].[2] The Plaintiff's Complaint asserted claims for deliberate indifference and due process violations against Kenneth Lassiter, the Director of Prisons at the North Carolina Department of Public Safety

---

[1] The Plaintiff has been transferred since his incarceration at the Marion Correctional Institution and is now incarcerated at Central Prison in Raleigh, North Carolina. [Doc. 45].

[2] The Plaintiff's originally filed this matter along with several other inmates. The Court has since ordered those claims severed into different matters. [Doc. 14].

("DPS"); Hubert Corpening, the Superintendent at Marion Correctional Institution; Donny Watkings, the Assistant Superintendent at Marion Correctional Institution; Jenny Jenkins, the Director of the Rehabilitative Diversion Unit ("RDU") Program at Marion Correctional Institution; and Gregory Swink, a Case Manager in the RDU Program at Marion Correctional Institution (the "Defendants"). [Id.].

On May 15, 2018, this Court conducted an initial review of the Complaint and instructed the Plaintiff to file an Amended Complaint within twenty-one days. [Doc. 2]. On June 4, 2018, the Plaintiff filed an Amended Complaint. [Doc. 9]. On November 7, 2018, the Court conducted a frivolity review of the Plaintiff's Amended Complaint under 28 U.S.C. § 1915 and determined that the Amended Complaint presented a single cognizable claim against the Defendants for allegedly depriving the Plaintiff of property without due process. [Doc. 18 at 14].

On July 12, 2019, the Defendants answered the Plaintiff's Complaint. [Doc. 42]. On January 12, 2020, the Defendants filed a Motion for Summary Judgment. [Doc. 46]. On February 18, 2020, the Plaintiff responded. [Doc. 53]. The time for the Defendants to file a reply has passed.[3]

Having been fully briefed, this matter is ripe for disposition.

---

[3] On April 22, 2020, this matter was reassigned to the undersigned.

2

Case 1:18-cv-00116-MR   Document 56   Filed 07/06/20   Page 2 of 7

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to

3

"depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

The Plaintiff's Amended Complaint alleges that the Defendants confiscated his personal property in violation of his due process rights. [Doc. 9-1 at 6]. The Defendants move for summary judgment on several grounds, including that no due process violation occurred because the Plaintiff failed to utilize the post-deprivation remedy available to him in state court. [Doc. 47 at 10].

When an officer's "random and unauthorized" departure from state law deprives an inmate of their property, "the due process clause is not violated if a meaningful post-deprivation remedy for the loss is available." Bailey v. O'Connor, No. 1:10CV118-1-MU, 2010 WL 2509901, at *1 (W.D.N.C. June 17, 2010) (Mullen, J.); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (no due process claim arises from the unauthorized deprivation of property unless the state does not provide a suitable post-deprivation remedy). Under North Carolina law, an inmate who has been deprived of his/her property can bring an action for conversion in state court. Gallimore v. Sink, 27 N.C. App. 65, 67, 218 S.E.2d 181, 182 (1975). The Fourth Circuit has held that by allowing such actions, North Carolina has provided an adequate post-deprivation remedy of deprivation of property by the random and unauthorized acts of state officials. Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). "[P]ost-deprivation remedies do not satisfy the due process requirement where the deprivation complained of is effected pursuant to an established state procedure rather than a random, unauthorized action." Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). A plaintiff can show that he was deprived under an "established state procedure" where the official acted pursuant to municipal custom or policy. See Woodard v. Andrus, 419 F.3d 348 (5th Cir. 2005); Matthias v. Bingley, 906 F.2d 1047 (5th Cir. 1990).

5

Here, the Plaintiff's forecast of evidence acknowledges that DPS rules govern the amount and type of personal property that he may possess. [Doc. 52 at ¶¶ 10, 15, 17]. The Plaintiff, however, asserts that the Defendants violated their own established policies by not allowing him to possess property in accordance with those rules. [Id. at ¶¶ 11, 16]. The Plaintiff provides no evidence from which a reasonable jury could conclude that the Defendants' actions constituted an "established state procedure" rather than random, unauthorized actions. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). The Plaintiff provides no evidence to show that the Defendants deprived other inmates of their property or to show that he was deprived of his property pursuant to a custom and policy. Likewise, the Plaintiff provides no evidence to show that the deprivation of property was authorized by the state or occurred pursuant to an established state procedure. As such, the Plaintiff's forecast of evidence, taken in the light most favorable to the Plaintiff, merely shows that the alleged deprivation in this case occurred pursuant to a random and unauthorized departure from state law.

Because the alleged deprivation in this case occurred pursuant to a random and unauthorized departure from state law, "the due process clause [was] not violated if a meaningful post-deprivation remedy for the loss is available." Bailey, 2010 WL 2509901, at *1. The Plaintiff has a post-

6

Case 1:18-cv-00116-MR   Document 56   Filed 07/06/20   Page 6 of 7

deprivation remedy because he can bring an action for conversion in state court. See Wilkins, 714 F.2d at 6. Because the Plaintiff's forecast of evidence fails to show that he has availed himself of that post-deprivation remedy, "he has failed to state a constitutional claim." Bailey, 2010 WL 2509901, at *1 (citation omitted). Accordingly, the Defendants' Motion for Summary Judgment will be granted, and the Plaintiff's Complaint will be dismissed.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 46] is **GRANTED** and the Plaintiff's claims against the Defendants are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: July 3, 2020

Martin Reidinger
Chief United States District Judge